IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02182-WYD-OES

JACK W. SMITH, JR.,

Plaintiff(s),

vs.

DWIRE CO.,
D.C. PAYROLL SERVICES; and,
JOEL DWIRE,

Defendant(s).

---

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE,
MOTION TO EXCLUDE WITNESSES AND
MOTION FOR SANCTIONS

---

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  December 27, 2005

   This is an employment discrimination case in which plaintiff was terminated from his employment by defendant Dwire Co.  Defendant claims that the termination was the result of plaintiff's failure to operate a construction vehicle properly.  Plaintiff claims that the termination was because of his race, African-American.

   Plaintiff has filed a motion in which he asks that I strike the witnesses and/or documents that were given to plaintiff by defendants on November 7, 2005, in a supplemental Rule 26(a)(1) disclosure.  Although plaintiff admits that the documents or the names of the witnesses may have been mentioned in depositions or other discovery, plaintiff argues that the witnesses and documents should have been described much earlier, and in much greater detail.

The discovery cutoff was November 1, 2005. Trial is scheduled to begin on November 13, 2006.

Defendants have filed a very detailed response. In their response, defendants state that they only learned of the potential usefulness of the various witnesses and documents in the depositions that were conducted by plaintiff and defendants during the last three days before the expiration of the discovery deadline on November 1, 2005. During those three days, plaintiff deposed the two principals for the defendant companies, and defendants deposed plaintiff's treating physician, Dr. Morrison. As a result of those depositions, defendant states, it determined that "it might use additional witnesses and documents to support its claims and defenses – witnesses in addition to those identified in its F.R.C.P. 26(a)(1) disclosures filed on January 17, 2005, and April 28, 2005." Resp. at 4.

In defendants' view, it was not required to disclose to plaintiff that it intended to use these witnesses or documents, because until the time of the depositions it had no intentions of using them. Within a week of defending or conducting the three depositions, defendant determined that it would have a need to use the witnesses who had been discussed by the deponents during their depositions. For that reason, defendants state, they provided to plaintiff a supplemental disclosure.

Defendants argue that plaintiff cannot be prejudiced by the supplemental disclosures because the names and identities of virtually every witness had been provided to plaintiff in earlier disclosures, or had been mentioned in discovery documents. In their Response, defendants provided a detailed history of the

2

disclosures that had been made to plaintiff for each of the witnesses for whom late disclosure is an issue.

## DISCUSSION

I am not persuaded, as plaintiff argues, that defendants have acted in bad faith, as part of some scheme to "hide the ball." Contrary to plaintiff's arguments, parties are not required in their initial disclosures, before any discovery has been conducted, to identify or list the persons that they intend to call as witnesses. They are only required to identify or list the persons that they believe may have information about their claims or defenses. As discovery is conducted, and as the identity of new witnesses, or the usefulness of existing witnesses, becomes apparent or meaningful to a party, only then is the party required to supplement its disclosures.

In my view, defendants' Response more than adequately demonstrates that defendants have complied with their disclosure obligations. Plaintiff postponed his depositions until the very last days of the discovery period. Only then did defendant learn that it would need to use certain witnesses or documents in any trial of this case. Within a week of learning of such needs, defendants provided to plaintiff their list of supplemental disclosures.

Plaintiff complains that he has been prejudiced by the late disclosures, but I fail to see how. It appears to me that virtually all, if not all, of the witnesses identified by defendants are non-party lay witnesses, or persons in privity with plaintiff, such as his doctor and previous employers. Simply because the period for conducting formal discovery has expired does not mean that all investigation must cease. Plaintiff is free

to interview any of the witnesses who have been identified by defendants. In the event plaintiff believes he needs to depose any of these witnesses, he is free to file a motion to that effect. Plaintiff is certainly not prejudiced by a lack of time within which to interview witnesses because, as I noted above, the trial is not scheduled to begin until November 13, 2006.

Plaintiff also argues that certain witnesses should be excluded because they are lay witnesses who, in plaintiff's opinion, will be presenting testimony in the nature of expert opinions. Defendants respond that the witnesses at issue are employers who will be asked to comment about the state of employment opportunities after plaintiff had been terminated from his employment with Dwire Co. In defendants' view, their testimony will relate to matters about which they have personal knowledge, and is within the scope of testimony that they may appropriately offer as lay witnesses.

Because defendants are not offering the testimony of these witnesses as expert testimony, these witnesses need not provide expert reports pursuant to Fed.R.Civ.P. 26(a)(2)(B). Whether their opinions, if any opinions are offered, are beyond their scope or knowledge as lay witnesses is a matter for District Judge Wiley Y. Daniel to determine during the trial of this case pursuant to Fed.R.Evid. 701.

With regard to the names of plaintiff's co-employees, plaintiff has known the names of these people since early in the case – indeed, earlier, since plaintiff himself worked with them. Defendants state in their Response that they have recently supplemented the list of names by providing contact information to plaintiff, including addresses and telephone numbers. For those reasons, I am not persuaded that

plaintiff is surprised by the fact that defendant intends to use some of the co-employees at the trial. Indeed, in my experience, the first people interviewed by plaintiffs in an employment discrimination case are the people who are identified as co-employees by the plaintiff or the defendant.

I also am not persuaded that plaintiff is surprised by the fact that defendants decided that they may call plaintiff's former employers as witnesses. In an employment discrimination case, a plaintiff's work history is frequently an issue, and when plaintiffs are asked to list their prior employers they are on notice that those employers may at some point become witnesses.

Defendants informed plaintiff that they will call "someone" to authenticate plaintiff's medical records from the University of Colorado Medical Center because counsel for plaintiff objected to the authenticity of those records during defendants' deposition of plaintiff's treating physician. Plaintiff argues that defendants are required to provide the name of the person they will call to authenticate the medical records. I disagree. Defendants themselves may not know, until days before trial, the identity of the person who will be designated by CU to honor the subpoena and bring the records to court. In view of the fact that a records custodian's only purpose is to identify the records as having been kept in the regular course of business, the identity of the particular person is hardly relevant, or even important.

Plaintiff complains about defendants' late designation of a representative from Power Equipment Co. to rebut any testimony by plaintiff about the mechanical condition of the vehicle he was operating. Plaintiff has not shown any specific prejudice as a

result of this late designation. At any rate, if the witness is used only for rebuttal purposes, defendants are not required even to disclose such a witness – at least, not technically.

Lastly, plaintiff has been provided with adequate notice that defendants intend to use at trial certain illustrative, demonstrative or supporting exhibits, including photographs of equipment and vehicles, diagrams of the construction site, plaintiff's criminal records, plaintiff's employment records, and other such documents. Plaintiff has ample time before trial within which to investigate the reliability of such documents or exhibits.

## ORDER

For all of the above reasons, it is hereby ORDERED that plaintiff's various motions, entitled Motion to Strike Defendants' Supplemental 26(a)(1) Disclosures, Motion to Exclude Witnesses and Documents Not Previously or Properly Disclosed Prior to Discovery Cut-off and Motion for Sanctions or Other Appropriate Relief [Doc. 58, filed Nov. 27, 2005] are DENIED.

Dated at Denver, Colorado, this day of: December 27, 2005

BY THE COURT:

s/O. Edward Schlatter
_____
O. Edward Schlatter
United States Magistrate Judge